UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    V.

                                      Cr. No. 05-673 (RWR/JMF)

**EARL LLOYD MCKENZIE,**

    **Defendant.**

### DETENTION MEMORANDUM

After a hearing, I found probable cause to believe that the defendant possessed with intent to distribute more than 100 kilograms of marijuana. A police investigation had established a consistent pattern of importation of crates of marijuana.

On December 21, 2005, this defendant and his co-defendant, Wonnie Hampton ("Hampton"), unloaded a crate of marijuana into a storage facility in the District of Columbia. Prior to having been delivered to the storage facility, a dog trained to detect narcotics had "alerted" the police to the presence of drugs in that crate. The dog was right; when the crate was opened it was found to contain over $300,000 worth of marijuana. Additionally, the labels on this crate were identical to the labels on previous crates and all the shipments came from the same address in California.

Co-defendant Hampton informed the police that defendant McKenzie had the key to the individual storage unit in a satchel in a car that the defendant was driving. That is where the police found the key. Hampton also informed the police that McKenzie had given him the money to rent the storage facility, as well as an additional $1,000 to insure that Hampton would rent the facility in Hampton's name.

The Bureau of Immigrations and Customs Enforcement has indicated that McKenzie is in the United States on a travel visa that will expire on April 6, 2006. More to the point, that agency has indicated that it will revoke the defendant's visa the minute he is released and will deport him. In fact, the agency has filed a detainer against him, preventing his release on any conditions I would set. The defendant's immigration status therefore renders his "release" at this point academic.[1] I hasten to add that I would still detain the defendant even if this was not true. His immigration status means he has no roots whatsoever in this community and there is nothing I can see that rebuts the presumption in favor of his detention.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

[1] Indeed, the United States Attorney correctly warned me that the United States might deport this defendant despite the pendency of this case and, in at least one case I handled, that is precisely what occurred.